IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:24-CV-59-FL

SUCCESSOR S. BOYD,                    )
                                      )
                Plaintiff,            )
                                      )
        v.                            )            ORDER
                                      )
MUNICIPALITY ROBERSONVILLE,           )
                                      )
                Defendant.            )


        This matter is before the court upon plaintiff's motion for reconsideration (DE 30) of the

court's December 4, 2024, order dismissing plaintiff's action.  (See Order (DE 28); Judgment (DE

29)).  Also pending is plaintiff's motion for declaration and reconsideration (DE 33).  The issues

raised are ripe for ruling.  For the following reasons, the motions are denied.

        A motion for reconsideration filed within 28 days of entry of the judgment properly is

considered a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).

"[T]here are three grounds for amending an earlier judgment: (1) to accommodate an intervening

change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a

clear error of law or prevent manifest injustice."  Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d

396, 403 (4th Cir. 1998).  Here, plaintiff has not raised an intervening change in law nor new

evidence, but rather argues that the court erred in its decision to dismiss his federal claims.

        Plaintiff's arguments in support of reconsideration are without merit.  Plaintiff suggests,

for example, that he has stated a Fourteenth Amendment due process claim against defendant on

the basis that defendant's police officers failed to enforce North Carolina laws against a "trespass

group" who took possession of plaintiff's property. (DE 30 at 2). However, the "substantive component of the Due Process Clause does not require [a] State to protect the life, liberty, and property of its citizens against invasion by private actors." Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748, 755 (2005). Likewise, "[t]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its substantive manifestations." Id. at 768. Plaintiff's constitutional claims against defendant fail for these reasons, in addition to the reasons already set forth by the court in its December 4, 2024, order. (See Order (DE 28) at 5-8).

Plaintiff also suggests in his motion for declaration and reconsideration that he wishes to amend his complaint to assert additional allegations as set forth in his instant post-judgment motions and briefs. (See DE 33 at 2). Leave to amend, however, may be denied where the proposed amendment is futile, because it "would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation, 914 F.3d 213, 228 (4th Cir. 2019). Here, the additional allegations suggested in plaintiff's post-judgment filings do not further advance plaintiff's claims. Therefore, that part of plaintiff's motion seeking leave to amend complaint is denied.

## CONCLUSION

Based on the foregoing, plaintiff's post-judgment motions, including in part a motion for leave to amend complaint, as construed herein, (DE 30, 33) are DENIED.

SO ORDERED, this the 16th day of April, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge

2